1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | CASE NO. 09MD2087-BTM (AJB) |
| | (S.D. Cal. No. 10CV00910) |
| KERRY M. DONALD and NADIA DONALD, | |
| Plaintiffs, | **ORDER DENYING MOTION TO REMAND** |
| vs. | |
| IOVATE HEALTH SCIENCES GROUP, INC., IOVATE HEALTH SCIENCES U.S.A. INC., IOVATE HEALTH SCIENCES INC., MUSCLETECH RESEARCH AND DEVELOPMENT, INC., GNC CORPORATION, GN OLDCO CORPORATION (f/k/a GENERAL NUTRITION CORPORATION), GENERAL NUTRITION COMPANIES INC., GENERAL NUTRITION CENTERS, INC., GENERAL NUTRITION CENTER INTERNATIONAL, INC., and GENERAL NUTRITION WORLDWIDE, INC., | |
| Defendants. | |

09MD2087

Plaintiffs Kerry M. Donald and Nadia Donald ("Plaintiffs") have filed a motion to remand ("Motion") this action to state court.  For the reasons discussed below, Plaintiffs' motion to remand is **DENIED WITHOUT PREJUDICE**.

## I.  BACKGROUND

On January 22, 2010, Plaintiffs filed a complaint in the Supreme Court of New York, Kings County (Index No. 1948/2010).  On February 18, 2010, Plaintiffs filed an Amended Complaint ("FAC").  On March 25, 2010, Defendants filed a Notice of Removal and the case was transferred to the Eastern District of New York.  On April 23, 2010, Plaintiffs filed a Motion to Remand ("Motion").  On April 26, 2010, the case was transferred to join the Multidistrict Litigation ("MDL") in the Southern District of California.  Upon transfer, the case became part of the pending MDL entitled In re Hydroxycut Marketing and Sales Practices Litigation (09md2087), and was assigned a separate civil case number in the Southern District of California (10cv910).  On May 4, 2010, Plaintiffs re-filed their Motion to Remand in the MDL action in the Southern District of California.  The Court held a hearing on the motion on June 30, 2010.

## II.  LEGAL STANDARD

Section 1441 permits removal of any action over which the federal court would have original jurisdiction.  28 U.S.C. § 1441.  If an action is not founded on a claim or right arising under the Constitution, treaties or laws of the United States, it is only removable if none of the defendants is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).  Title 28 U.S.C. § 1447(c) provides for remand based on lack of subject matter jurisdiction "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ."  28 U.S.C. § 1447(c).

Section 1332 gives federal district courts jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  For the purposes of § 1332 and § 1441, a corporation is deemed a citizen of any state of which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is its "nerve

09MD2087

1  center" - "the place where the corporation's high level officers direct, control, and coordinate the
2  corporation's activities."  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (2010).  For diversity
3  jurisdiction to exist, none of the defendants can be a citizen of the same state as one of the
4  plaintiffs.  Since Plaintiffs are citizens of New York, none of Defendants can be citizens of New
5  York.

## III. DISCUSSION

7  Plaintiff, Kerry M. Donald, alleges that, after ingesting Hydroxycut products
8  manufactured, marketed and sold by defendants, he experienced severe muscle pain and
9  discolored urine and was hospitalized for ten days.  (FAC ¶ 52.)  In the FAC, Plaintiffs bring ten
10  claims against Defendants.  (FAC ¶¶ 61-133.)

11  Based on the representations at the motion hearing and the record before the Court, the
12  Court makes the following findings of fact.  Hydroxycut is manufactured by Iovate Health
13  Sciences, Inc. ("Health Sciences"), which is located in Oakville, Ontario, Canada.  It has 300
14  employees in the Toronto area and it engages in research, development and advertising.
15  Health Sciences contracts with other corporations who actually manufacture Hydroxycut.  Health
16  Sciences purchases the ingredients from suppliers in the United States which are shipped to
17  the manufacturers.  Iovate Health Sciences U.S.A., Inc. ("Iovate U.S.A.") purchases the
18  Hyrdoxycut from Health Sciences and has it warehoused at the facility operated by Kuehne and
19  Nagel in Blasdell, New York.  Terry Begley ("Begley") is the sole director and employee of Iovate
20  U.S.A. and operates out of his office in Oakville, Ontario (a suburb of Toronto).  Begley
21  negotiates and enters into contracts with retailers.  He then directs Kuehne and Nagel to deliver
22  a specific quantity of product out of its Blasdell warehouse to the retailers.  Kuehne and Nagel
23  has discretion to determine what portion of product of the ultimate contract amount to ship on
24  a specific date.  However, Kuehne and Nagel acts as an independent contractor executing
25  contracts negotiated and entered into by Begley from his office in Ontario.  The retailers send
26  returns to the Kuehne and Nagel run warehouse.  The retailers pay Iovate U.S.A. by sending
27  payments to a lock box at the Royal Bank of Canada.  Iovate U.S.A. is incorporated in Delaware
28  and has an agent for service of process there.  Counsel for the defendants in this case

09MD2087

communicate with its clients through in house counsel at Iovate Health Sciences Research, Inc. in Oakville, Ontario.  Counsel's invoice for work done on this case are sent to the offices in Oakville, Ontario.  Counsel is paid through checks drawn on the Royal Bank of Canada.

Plaintiffs seek a remand of this case on three grounds: (1) that the Court lacks diversity jurisdiction because Defendant Iovate Health Sciences U.S.A. Inc. is a citizen of New York; (2) that Defendants should be judicially estopped from declaring that Iovate U.S.A.'s principal place of business is not in New York; and (3) that Defendants' notice of removal was defective. Plaintiffs also seek attorney fees and costs pursuant to 28 U.S.C. § 1447(c).

**A.    Principal Place of Business**

The parties do not dispute that all the defendants other than Iovate U.S.A. are citizens of states other than New York.  Thus, the question for complete diversity is whether Iovate U.S.A. is a citizen of New York.

Iovate U.S.A. is incorporated in Delaware.  Plaintiffs contend that Iovate U.S.A.'s principal place of business is in Blasdell, New York, thereby making Iovate U.S.A. also a citizen of New York.  Plaintiffs are citizens of New York (FAC  ¶¶ 2-3), so if Defendants are also citizens of New York, diversity is destroyed.  Defendants contend that Iovate U.S.A.'s principal place of business is either in Wilmington, Delaware or Oakville, Ontario, Canada, either of which would preserve diversity.

Plaintiffs allege that Iovate U.S.A.'s principal place of business is in New York for a number of reasons.  Plaintiffs first point to numerous past cases involving the Iovate Group Defendants in which Defendants have represented to other courts that Iovate U.S.A.'s principal place of business was in New York.  (See Mot. 10-11.)  Plaintiffs also point to an FDA recall notice dated May 1, 2009 that lists Iovate U.S.A. as a Blasdell N.Y. corporation.  As Defendants correctly state, the jurisdiction of the court is determined by the state of the facts at the time the action is brought.  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004). Defendants' earlier representations about their principal place of business is not controlling. The test is where Iovate U.S.A.'s principal place of business was at the time the case was filed on January 22, 2010.  Defendants' motivation for moving their principal place of business is

09MD2087

1   immaterial.  The Court's concern is whether Defendants' alleged new principal place of business
2   is in fact its principal place of business, as defined by the Supreme Court in <u>Hertz</u>.   <u>Heinz v.</u>
3   <u>Havelock</u>, 757 F. Supp. 1076, 1081 (C.D. Cal. 1991) (citing <u>Williamson v. Osenton</u>, 232 U.S.
4   619, 625 (1914)) ("The motive for a change of domicile is immaterial to the determination of the
5   existence of diversity of citizenship, provided that the move is *bona fide*."  By analogy, the
6   motive for a corporation's change of principal place of business is immaterial, so long as the
7   new location satisfies the requirements for principal place of business).

8          Defendants contend that Iovate U.S.A.'s principal place of business is either in
9   Wilmington, Delaware or Oakville, Ontario.  Defendants allege that effective January 1, 2010,
10  Iovate U.S.A. moved its address and office to Wilmington and began receiving all written
11  communication in Wilmington.  Plaintiffs allege that the Wilmington office is nothing but a
12  mailing address and thus is not the principal place of business.  The Court agrees with Plaintiffs.
13  Based on the record before the Court and representations from counsel, it appears that there
14  is no semblance of a "nerve center" in Wilmington.

15         Defendants alternatively contend that Iovate U.S.A.'s principal place of business is in
16  Oakville, Ontario.  Based on the record before the Court, including Defendants' representations,
17  it is the Court's understanding that Iovate U.S.A.'s C.E.O. and sole director Terry Begley,
18  resides and maintains his office in Oakville.  Begley makes all the high level decisions for Iovate
19  U.S.A., including entering into contracts with retailers, purchasing product from Iovate Health
20  Sciences Inc., and giving instructions to Kuene and Nagel, the independent company that Iovate
21  U.S.A. contracts with for warehousing and distribution of Iovate's products.   Iovate U.S.A.'s
22  finance and accounting functions are also performed in Oakville.   Based on these
23  representations, it is clear that Iovate U.S.A.'s nerve center is in Oakville, where Begley directs,
24  controls and coordinates Iovate U.S.A.'s activities.

25         Plaintiffs contend that Iovate U.S.A.'s principal place of business is in Blasdell, New York
26  because the warehousing and distribution facility is there.  The Court disagrees, as the facility
27  is run by an independent company and it does not appear that any important decisions are
28  made at the facility by Iovate U.S.A..  Based on the representations made to the Court by

09MD2087

1   Defendants, Begley makes the high-level decisions in Oakville and Kuehne and Nagel simply

2   carries out his instructions.  Even if it is the case, as Plaintiffs contend, that Iovate employees

3   visit and spend time at the warehousing facility, Iovate U.S.A.'s principal place of business

4   would still be Oakville because that is the nerve center.  Indeed, it appears that employees of

5   related Iovate entities "visit" Kuehne and Nagel's facility in Blasdell because they are not based

6   there.

7          In its explanation of how a nerve center should be determined, the Court in <u>Hertz</u> wrote,

8          We also recognize that the use of a "nerve center" test may in some cases
           produce results that seem to cut against the basic rationale for 28 U.S.C. § 1332,
9          see *supra*, at 1188.  For example, if the bulk of a company's business activities
           visible to the public take place in New Jersey, while its top officers direct those
10         activities just across the river in New York, the "principal place of business" is New
           York.

11  <u>Hertz</u>, 130 S. Ct. at 1194.  The situation is similar here.  Even though the bulk of the business

12  activities visible to the public - the warehousing and distribution - take place in New York, those

13  activities are directed by Begley in Oakville.  Thus, Iovate U.S.A.'s principal place of business

14  is Oakville, Ontario.

15         For the purposes of diversity jurisdiction, when a corporation is incorporated in the United

16  States and has its principal place of business outside the United States, the corporation is only

17  considered a citizen of the state in which it is incorporated.  <u>See</u> <u>Mas Capital Inc. v. Biodelivery</u>

18  <u>Servs. Int'l</u>, 524 F.3d 831, 832-33 (7th Cir. 2008); <u>Torres v. Southern Peru Copper Corp.</u>, 113

19  F.3d 540, 544 (5th Cir. 1997); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir.

20  1989); <u>Great Lakes Gas Transmission Ltd.v. Essar Steel Minnesota, LLC</u>, 2010 WL 234764,

21  at *2 (D. Minn. Jan. 14, 2010).  Therefore, for the purposes of diversity jurisdiction, Iovate U.S.A.

22  is only a citizen of Delaware, the state of its incorporation.  Since Plaintiffs are citizens of New

23  York, the parties are diverse and there is diversity jurisdiction under § 1332.

24  **B.    Judicial Estoppel**

25         Plaintiffs contend that Defendants should be judicially estopped from asserting that their

26  principal place of business is in Delaware or Oakville because of Defendants' assertion to this

27  Court in November 2009 in <u>Tornambe v. Iovate Sciences U.S.A.</u>, 2009 WL 5144670 (S.D. Cal.

28  2009) that their principal place of business was in Blasdell, N.Y..  (<u>See</u> Mot. 4-6.)  A party will

09MD2087

1   be judicially estopped from taking a position when: "(1) the party's current position is 'clearly

2   inconsistent' with its earlier position; (2) the party was successful in persuading a court to accept

3   its earlier position; and (3) the party would 'derive an unfair advantage or impose an unfair

4   detriment on the opposing party if not estopped." <u>Williams v. Boeing Co.</u>, 517 F.2d 1120, 1134

5   (9th Cir. 2008).  Iovate U.S.A.'s position that its principal place of business is now in Oakville

6   is not "clearly inconsistent" with its position previously that its principal place of business was

7   then in New York.  Iovate U.S.A.'s principal place of business has simply changed.

8   **C.    Defective Removal**

9        Finally, Plaintiffs contend that Defendants' removal is defective because Defendant Kerr

10  Investment Holding Corp. (f/k/a Iovate Health Sciences Group Inc.) was not properly joined in

11  the removal papers.  Plaintiffs argue that footnote two in the removal notice, which states "Kerr

12  Investment Holding Corp (f/k/a Iovate Health Sciences Group Inc.) specially appears to join in

13  this Notice of Removal" does not satisfy the requirement that all defendants must join in

14  removal.

15       The "rule of unanimity" requires that in a case involving multiple defendants, all

16  defendants must join in a removal petition.  <u>Chicago, Rock Island, & Pacific Railway Co. v.</u>

17  <u>Martin</u>, 178 U.S. 245, 248 (1900).  However, neither <u>Chicago</u>, nor any federal rules or statutes

18  prescribes any specific manner or form required for co-defendants' joinder in the removal.

19  <u>Proctor v. Vishay Intertechnology Inc.</u>, 584 F.3d 1208, 1225-26 (9th Cir. 2009).  While some of

20  the circuits differ on the issue, in <u>Proctor</u>, the Ninth Circuit adopted the position that one

21  defendant's timely removal notice containing an averment of the other defendants' consent and

22  signed by an attorney of record is sufficient to satisfy the rule of unanimity.  <u>Proctor</u>, 584 F.3d

23  at 1225.  Individual consent documents from each defendant are unnecessary.  <u>Id.</u>  The Court

24  has not found a case for the Second Circuit that disapproves of the procedure permitted in

25  <u>Proctor</u>.

26       Plaintiffs cite to <u>Codapro Corp. v. Wilson</u>, 997 F. Supp. 322 (E.D.N.Y. 1998), to support

27  their argument that the removal notice is defective.  In <u>Codapro</u>, a case involving multiple

28  defendants, one defendant acting pro se filed a notice of removal on behalf of all the

1  defendants. Codapro, 887 F. Supp. at 324. The notice of removal was only signed by the
2  defendant who had filed it and none of the other defendants filed anything with the court
3  indicating that they joined in the removal. Id. Furthermore, the Court was given an affidavit
4  from one of the defendants stating he objected to the removal. Id. The facts are vastly different
5  in this case. The notice of removal was filed by Defendants' counsel and it clearly states that
6  the notice was filed on behalf of all the Defendants. (Doc. 192, Ex. 4.) Below the signature line,
7  counsel is listed as specially appearing for Defendant Kerr Investment Holding Corp. and as
8  attorneys for the rest of Defendants.[1] (Id.)

9      Defendants' removal notice satisfies the rule of unanimity because it was filed within the
10  proper time, contains an averment of the other defendants' consent and is signed by an
11  attorney of record. Thus, all Defendants consented to the removal and the removal was not
12  defective.

13  **D.    Request for Attorney Fees and Costs**

14      Plaintiffs request attorney fees and costs associated with bringing the motion to remand
15  pursuant to 28 U.S.C. § 1447(c). The court has discretion to grant fees when the removing
16  party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital
17  Corp., 546 U.S. 132, 141 (2005). Since the Court has decided that removal was proper, it
18  follows that Defendants had an objectively reasonable basis for seeking removal. Therefore,
19  Plaintiffs' request for attorney fees and costs is denied.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27

28  [1] See Bill Wolf Petroleum Corp. v. Village of Port Washington North, 489 F. Supp. 2d 203 (E.D.N.Y. 2007), for further discussion about the distinction between the facts in Codapro and a notice of removal signed by an attorney representing all defendants.

09MD2087

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  <u>CONCLUSION</u>

For the reasons discussed above, Plaintiffs' motion to remand is **DENIED** without prejudice.  Plaintiffs shall have time to conduct discovery and may seek reconsideration of this order in the event they develop facts demonstrating that Iovate U.S.A.'s principal place of business is in New York.

**IT IS SO ORDERED.**

DATED:  July 29, 2010

Honorable Barry Ted Moskowitz
United States District Judge

09MD2087